IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL NELSON,                :
    Plaintiff              :
  v.                           : Case No. 3:23-cv-192-SLH-KAP
LISA NIESSNER,                 :
    Defendant              :

<u>Memorandum Order</u>

    The motion at ECF no. 14 styled as a motion for temporary restraining order is denied without prejudice to filing a real motion under Fed.R.Civ.P. 65. If the plaintiff wishes to appeal this to the presiding district judge and the presiding judge wishes to treat ECF no. 14 as a motion for temporary restraining order, and my order as a recommendation, then the explanation below will serve as my report.

    Plaintiff Michael Nelson, an inmate at S.C.I. Somerset, filed a complaint alleging a failure to provide him with medication by defendant Lisa Niessner. My recommendation to dismiss that complaint is pending.

    In the meantime, in addition to the two more recent complaints filed by Nelson, Nelson has filed a motion purporting to be a motion for a TRO, seeking a variety of changes to his conditions of confinement that have nothing to do with the defendant or the attempted claim against her. Since there is no merit in the underlying action Nelson can never satisfy the duty to show the "likelihood of prevailing" element necessary for a successful motion, and Nelson makes no attempt to do so. Rather, he follows the common practice of using a complaint as a springboard to submit further complaints, grievances, and demands without exhausting administrative remedies or paying a new filing fee.

    The purpose of a motion under Rule 65 is to maintain the *status quo* to avoid the likelihood of irreparable injury before a decision on the merits of an existing complaint can be rendered. *See* <u>Winter v. Natural Resources Defense Council</u>, 555 U.S. 7, 22 (2008). A court considering a request for preliminary injunctive relief must evaluate the likelihood that the plaintiff will prevail on the merits, *see* <u>Hawksbill Sea Turtle v. FEMA</u>, 126 F.3d 461, 478 n.13 (3d Cir.1997), and the concept of prevailing on the merits of a claim necessarily implies the existence of a claim contained in a valid complaint.

    If there were a meritorious claim, then a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally. Rule 65 is not for the purpose of granting relief not sought or available in the underlying action. <u>DeBeers Consolidated Mines v. United States</u>, 325 U.S. 212, 220 (1945). When a plaintiff seeks injunctive relief based on claims not pled in a complaint, the court does not have

the authority to issue an injunction. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015). There must be a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint. *Id.*, 810 F.3d at 636, *cited with approval* in Guille v. Johnson, No. 21-1515, 2021 WL 4490248, at *2 (3d Cir. Oct. 1, 2021). When and if Nelson submits a motion under Rule 65, he needs to explain what that nexus is.

DATE:   December 19, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Michael Nelson HD-4512
S.C.I. Somerset
1590 Walters Mill Road
Somerset, PA 15510