IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON,      )<br>                                      )<br>            Plaintiff,     )<br>                                      )<br>v.                                  )<br>                                      )<br>LISA NIESSNER,          )<br>                                      )<br>            Defendant.   )<br>                                      ) | Civil Action No. 3:23-cv-192<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

**MEMORANDUM ORDER**

Presently before the Court is an Amended Complaint filed by *pro se* Plaintiff, Michael Nelson ("Plaintiff") (ECF No. 4) alleging a claim pursuant to 42 U.S.C. § 1983 against Nurse Lisa Niessner ("Defendant"). Plaintiff is a state prisoner incarcerated at the State Correctional Institution Somerset ("SCI-Somerset"). He contends that Defendant violated his Eighth Amendment rights by failing to administer his medication on the morning of March 25, 2023. (*Id.*).

This matter was referred to Magistrate Judge Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge Pesto screened Plaintiff's Complaint under 28 U.S.C. § 1915A and issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed for failure to state a claim without leave to amend. (ECF No. 10). After careful review, the Court will adopt the Report and Recommendation.

A.   **Standard of Review**

The Prisoner Litigation Reform Act ("PLRA") requires courts to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to

1

state a claim on which relief may be granted.[1]  28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint...is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Applying this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S.

---

[1]  *See* ECF No. 5, Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Memorandum Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 9).

519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

B.   **Discussion**

Plaintiff asserts a claim for violations of his Eighth Amendment rights and seeks monetary and injunctive relief, including temporary restraining orders. (ECF Nos. 4, 7, 14). His Eighth Amendment claim is based on denial of medical care and deliberate indifference. (ECF No. 4). Specifically, he avers that Defendant deliberately failed to dispense his morning medication on March 25, 2023. (*Id.* ¶¶ 6-8). He alleges that he sustained "continuous extreme pain from one of the worst headaches he [has] had in years until he was able to get his medication at about 6:00 p.m. or 7:00 p.m." (*Id.* ¶ 9). He seeks $100,000 and injunctive relief in the form of "being able to keep all [of] his medication in his cell at all times." (*Id.* ¶ 11).[2]

---

[2]   Plaintiff also filed two motions for temporary restraining orders ("TROs"). (ECF Nos. 7, 14). The Court concurs in Judge Pesto's denial of these motions. (ECF Nos. 15, 18).

In order to obtain a TRO, a plaintiff must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the plaintiff, (3) granting the injunction will not result in irreparable harm to the defendants and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (citations omitted) (emphasis added).

Here, Plaintiff states that he is entitled to injunctive relief "because the family and friends of Defendant Niessner have [sic] to seriously injure and mentally destroy [him,]" (ECF No. 7), and that such relief is for "deliberate indifference and a failure to protect as w[e]ll as willful blindness." (ECF No. 14). In the first motion for a TRO, he requests to be housed in the medical ward or the diversionary treatment unit of H-block, to be given free cable, the ability to order general population commissary, a variety of solid foods, $1 per-hour for 8 hours of work per-day, and that C.O. Rardin be placed on yard duty or as the officer on the walk by dietary until this action is resolved. (ECF No. 7). In the second motion for a TRO, Plaintiff seeks to be housed in H-block with all of his property, that his cell have outlets, cable jacks, and free cable, that he be given three telephone calls a week, kiosk use when requested, payment at the same rate as RHU workers, the ability to order general population commissary, and individual out-of-cell mental health sessions with particular professionals, among other requests. (ECF No. 14).

The Court will deny Plaintiff's Motions for TROs (ECF Nos. 7, 14) because Plaintiff has failed to demonstrate a likelihood of success on the merits of his claim. As explained in this Order, Plaintiff fails to allege a plausible Eighth Amendment deliberate indifference claim. Because Plaintiff did not demonstrate a likelihood of success on the merits, the Court need not address the other injunction factors. *See American Exp. Travel Related Servs, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).

Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 10) recommending that Plaintiff's Amended Complaint (ECF No. 4) be dismissed without leave to amend. Plaintiff was advised of the fourteen-day time period to file objections to the Report and Recommendation. (ECF No. 10 at 3-4); *see* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed Objections stating, in summary, that it is indisputable that Defendant violated his Eighth Amendment Rights because the Pennsylvania Department of Corrections upheld, in part, his grievance and admits that Defendant failed to dispense his medication. (ECF No. 11).

While the Report and Recommendation was pending, Plaintiff filed a Brief in Support of his Amended Complaint (ECF No. 13), which this Court has considered.

Upon review of the record, the Report and Recommendation (ECF No. 10), and Petitioner's Objections (ECF No. 11), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of the Magistrate Judge in this matter.

The Court overrules Plaintiff's objections and agrees with Judge Pesto that Plaintiff's Amended Complaint should be dismissed in its entirety without leave to amend. Plaintiff's objections essentially reiterate the allegations in his Amended Complaint: that it is "indisputable" that Plaintiff did not receive his medication on March 25, 2023, and that Defendant knowingly failed to dispense his medication and return to the restricted housing unit ("RHU") as she stated she would do. (ECF No. 11).

Plaintiff fails to state an Eighth Amendment claim. The Eighth Amendment's protections include a prohibition against exhibiting deliberate indifference to serious medical needs of inmates. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The test for deliberate indifference is two-fold: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S.

4

825, 837 (1994). "[A] plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Servs.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Plaintiff states in his objections that Defendant knowingly failed to dispense his morning medication and, when she stated she would return with the dose, she failed to do so. (ECF No. 11). However, Plaintiff fails to show that Defendant acted deliberately indifferent when she did not return with his medication. He alleges that Defendant "failed to return" with his medication without any explanation as to why. (ECF No. 4 ¶ 8). As Judge Pesto states, a plaintiff cannot show deliberate indifference simply by demonstrating negligence. *See Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence").

Further, Plaintiff fails to show that a morning lapse in his medication amounted to a serious medical need. Plaintiff does not state the name of the medication that was supposed to be administered to him, but he states that it was prescription medication for "extremely painful headaches." (ECF No. 4 ¶ 9). However, even lapses in prescription medication do not always amount to a serious medical need. *See Williamson v. Corr. Med. Servs., Inc.*, 304 Fed. Appx. 36, 39 (3d Cir. 2008) (agreeing with the district court that lapses in prescribed thyroid medication did not amount to a serious medical need based on an affidavit from a doctor). Indeed, an exhibit attached to Plaintiff's Amended Complaint shows that Plaintiff skipped his morning medication 24% of the time. (ECF No. 10 at 2-3; ECF No. 4-1).

In his objections, Plaintiff points to an attached letter from Erica Benning, Director of the Bureau of Health Care Services at the Pennsylvania Department of Corrections, to show that

5

Defendant acted with deliberate indifference. That letter states, in relevant part, "[i]t has been determined that yes, you did not receive your prescribed medication on 03/25/2023 and your Grievance # 1026050 was upheld in part. This was not deliberate. Your request for compensation is also denied." (ECF No. 11-1). While Plaintiff is correct that this exhibit shows that he did not receive his prescribed medication, the exhibit fails to establish an Eighth Amendment claim because it does not show that Defendant was deliberately indifferent to his medical needs. Indeed, as the letter states, Defendant's failure to get Plaintiff his medication "was not deliberate." (*Id.*).

Additionally, the Court will dismiss Plaintiff's Amended Complaint with prejudice. The Third Circuit instructs that "if a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Here, as shown above, amendment would be futile because Plaintiff cannot show that Defendant acted deliberately indifferent in failing to return with his medication. (*See* ECF No. 11-1 (stating Plaintiff failing to receive his prescribed medication "was not deliberate.")).

C. **Conclusion**

Based on the foregoing, the Court will dismiss with prejudice Plaintiff's Amended Complaint (ECF No. 4) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim. An appropriate Order follows.

**ORDER**

AND NOW, this 24th day of November, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 10) is adopted as the Opinion of the Court, as supplemented herein; and

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 11) are OVERRULED;

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (ECF No. 4) is hereby DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Michael Nelson HD-4512
SCI Somerset
1590 Walters Mill Road
Somerset, PA 15510
Pro se